UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONICA D. NICHOLSON,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-cv-370-JPG

Criminal Nos. 13-cr-40076-JPG and
                   11-cr-40040-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Monica D. Nicholson's response to the Court's July 17, 2017, order to show cause (Doc. 2) why it should not dismiss her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) as untimely under § 2255(f). Nicholson has responded to the order to show cause (Doc. 3), and the Government has replied to her response (Doc. 4).

On September 6, 2013, the petitioner pled guilty to an information charging her with one count of conspiracy to defraud the Internal Revenue Service by submitting false tax returns in violation of 18 U.S.C. § 286 (Count 1) and one count of conspiracy to commit identity theft in violation of 18 U.S.C. § 1028(f), (a)(7) and (b)(2)(B) (Count 2). The Court sentenced the petitioner to serve 105 months in prison on Count 1 and 60 months in prison on Count 2, to run concurrently.[1] The petitioner appealed her sentence to the United States Court of Appeals for the Seventh Circuit, which dismissed her appeal on December 2, 2013, pursuant to her motion for voluntary dismissal. She did not seek a writ of *certiorari* from the United States Supreme Court. Nicholson filed the pending § 2255 motion on April 10, 2017.

---

[1] On the same day, the Court sentenced her to 14 months in prison following the revocation of the petitioner's supervised release on a prior conviction for uttering a forged and counterfeit security of an organization (E.D. Mo. No. 1:07CR00035-1; S.D. Ill. No. 11-cr-40040-JPG).

In its order to show cause, the Court noted that Nicholson filed her § 2255 motion on April 10, 2017, more than a year after her conviction became final on March 3, 2014, the last day she could have filed a petition for a *writ of certiorari* from the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); S. Ct. R. 13(1) & (3) (allowing ninety days from Court of Appeals decision to file a *certiorari* petition).

In her response to the show cause order, Nicholson concedes that her § 2255 motion was late. She explains that she retained two new counsel after sentencing to file a § 2255 motion on her behalf to argue ineffective assistance of her trial-level counsel. Counsel told her she needed to dismiss her appeal in order to pursue a § 2255 motion, so she agreed to do so. Counsel met with her in September 2014 and gave the impression the § 2255 motion would be filed forthwith. Counsel became ill, but counsel's office, and later counsel herself, assured Nicholson the motion had been filed. Later, Nicholson learned that no petition had been filed. She asks the Court to employ the doctrine of equitable tolling to allow her late petition.

In its reply, the Government notes that Nicholson's only excuse for not filing a timely § 2255 petition is her counsel's negligence, which would not support equitable tolling in the absence of egregious behavior. Even if equitable tolling were available based on counsel's conduct, the Government argues, the Court should not apply it because Nicholson did not exercise due diligence and was not prejudiced by her counsel's conduct. It notes that the exhibits to her response show that by June 2015, clearly beyond the one-year period limitations period that ended in March 2015, Nicholson knew no § 2255 motion had been filed, yet she waited nearly two more years, until April 2017, to file the pending § 2255 motion. It also points to her counsel's assessment that she had no basis to assert her trial-level counsel was constitutionally ineffective.

2

The one-year § 2255 limitations period can be equitably tolled where a petitioner has diligently pursued her rights but some extraordinary circumstance prevented her from timely filing her motion. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010) (considering § 2244(d)'s similar one-year limitation for § 2254 petitions); *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013). The extraordinary circumstances must be "both extraordinary *and* beyond [the petitioner's] control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). Generally, negligent errors by an attorney a party has chosen to represent her do not justify equitable tolling. Because she has freely chosen counsel to represent her, counsel's conduct, mistakes and all, is generally not beyond her control, although it is possible the errors may be so egregious as to amount to abandonment and justify tolling. *Lombardo v. United States*, 860 F.3d 547, 551-52, 554 n.1 (7th Cir. 2017) (citing *Holland*, 560 U.S. at 649-52). Nevertheless, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

The Court finds that equitable tolling should not apply to Nicholson's late § 2255 motion. Even if her counsel's errors were so egregious as to amount to extraordinary circumstances beyond her control, the evidence in the record shows Nicholson was not diligent in pursuing her rights. As the Government notes, by June 2015, Nicholson was aware her counsel had not filed a § 2255 motion on her behalf, yet she did not take any action to pursue her constitutional rights until nearly two years later. Had she approached the Court shortly after learning no motion had been filed, she would have had a good argument that she was being diligent. Instead, the exhibits she submits show she was more interested in pursuing other avenues to shorten her sentence rather than the constitutional rights she wants to raise in this § 2255 motion.

For these reasons, the Court finds equitable tolling does not apply to make Nicholson's § 2255 motion timely. The Court therefore **DISMISSES** her § 2255 motion (Doc. 1) as untimely under § 2255(f) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   October 18, 2017**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**