UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONICA D. NICHOLSON,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-cv-370-JPG

Criminal Nos. 13-cr-40076-JPG and
                 11-cr-40040-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Monica D. Nicholson's motion (Doc. 7) for review of the Court's October 18, 2017, order and judgment (Docs. 5 & 6) dismissing her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) as untimely under § 2255(f). When docketed, the Court initially assessed the pending motion as a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b) since it was filed more than twenty-eight days after judgment was entered. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). Upon closer review, however, the Court notes that the caption on the motion indicates that it is directed at the United States Court of Appeals for the Seventh Circuit. Under the prison mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), Nicholson filed it within the sixty-day appeal period, Fed. R. App. P. 4(a)(1)(B)(i), and it arguably satisfies the content requirement for a notice of appeal, Fed. R. App. P. 3(c). The motion itself, however, requests an evidentiary hearing, which is most often conducted at the district court level. This raises the question whether Nicholson intended her filing as a notice of appeal to the Court of Appeals of this Court's final judgment or as a request to this Court to vacate its own judgment pursuant to Rule 60(b).

The Court **ORDERS** Nicholson to notify the Court on or before April 20, 2018, whether

she intended to appeal to the Court of Appeals or to ask this Court to vacate its order pursuant to Rule 60(b). If Nicholson does not timely respond to this order, the Court will construe her motion as a notice of appeal, for which she may incur an appellate filing fee.

The Court notes that if Nicholson intended her motion to ask this Court to vacate the judgment under Rule 60(b), it would not toll the sixty-day appeal period because she filed it more than twenty-eight days after entry of judgment. *See* Fed. R. App. P. (a)(4)(A)(vi) (tolling appeal period for Rule 60 motion only if filed within twenty-eight days of entry of judgment). Since it is now more than sixty days after entry of judgment, unless Nicholson requests and receives an extension of time to file a notice of appeal based on excusable neglect or good cause, *see* Fed. R. App. P. a(5)(A)(ii), this may be her only opportunity to appeal the Court's October 18, 2017, order and judgment.

**IT IS SO ORDERED.**
**DATED: March 22, 2018**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**